UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § | No. 1:22-CR-00274-RP |
| | § | |
| (3) VIRGINIA ZEPEDA, | § | |
| *Defendant* | § § | |

# ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I have considered the evidence and proffers presented during the hearing, the pleadings on file, the recommendation of Pretrial Services, and the four factors set out in the Bail Reform Act, 18 U.S.C. § 3142(g). In light of all of this, I find that the record establishes by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

The reasons for my decision include:

- the nature and circumstances of the offense charged, in particular, conspiracy to distribute fentanyl and distribution of fentanyl;

- the weight of the evidence against the person, including evidence of multiple sales conducted by Defendant of hundreds of fentanyl-containing pills to undercover sources;

- the history and characteristics of the person, including an extensive criminal history, lack of any legitimate employment, lack of stable housing, history of mental-health conditions, long history of drug abuse and drug dealing, lack of meaningful family support, her continued drug use and dealing while in outpatient drug treatment, her attempts to arrange drug sales from jail (including attempting to enlist her daughter—whom she states she intends to live with if released—to carry out these deals), and the

1

- fact that the currently charged offense occurred while Defendant was on pretrial release on a state drug charge;

- the nature and seriousness of the danger to any person or the community that would be posed by the person's release, in particular, her extensive fentanyl dealing, including marketing the drug online and her apparent willingness to sell to high-school-aged customers, and the presence of two firearms in her home at the time of her arrest; and

- finally, the operation of the presumption in 18 U.S.C. § 3142(e)(3) that detention is needed because the crime charged is a narcotics offense for which the maximum penalty is ten years or more (which, even when rebutted, remains as a factor for the Court's consideration).

This record establishes by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

## DIRECTIONS REGARDING DETENTION

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SIGNED March 10, 2023.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE